IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 11-0279-WS |
| | ) |
| AARON DAVIS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter comes before the Court on defendant's Motion to Correct Sentence under 28 U.S.C. § 2255 (doc. 183), filed in reliance on *Johnson v. United States*, --- U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), and *Welch v. United States*, --- U.S. ----, 136 S.Ct. 1257 (2016).

Defendant, Aaron Davis, entered a plea of guilty to one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (*See* docs. 103 & 104.) At the sentencing hearing held on August 22, 2012, the undersigned adopted all recommended sentencing guideline findings contained in the Presentence Investigation Report ("PSR"). Those calculations fixed Davis's base offense level at 24, with a four-level enhancement because of the number of firearms, a two-level enhancement because Davis possessed stolen firearms, and a four-level enhancement because Davis possessed a firearm in connection with another felony offense. After adjusting downward by three levels for acceptance of responsibility, Davis's total offense level was calculated at 31.

When combined with his criminal history category of V, the resulting calculated guideline range was 168 to 210 months. The Court found that Davis was an armed career offender pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which would have subjected him to a mandatory minimum sentence of 180 months. At sentencing, however, the Court granted the Government's motion for downward departure pursuant to U.S.S.G. § 5K1.1, as a result of which the ACCA mandatory minimum was rendered inapplicable. Davis ultimately was sentenced to a term of imprisonment of 120 months. (*See* doc. 152.)

In his § 2255 Motion (the first he has ever filed in this case), Davis seeks the benefit of retroactive application of the Supreme Court's holding in *Johnson* that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S.Ct. at 2563. Apparently recognizing that the downward departure at sentencing took the ACCA mandatory minimum off the table, Davis nonetheless argues that his sentence should be vacated and a resentencing hearing should be held because he was sentenced under the Sentencing Guidelines' armed career criminal provision, found at U.S.S.G. § 4B1.4.[1] By its express terms, Davis's § 2255 Motion turns on application of the Sentencing Guidelines' armed career criminal guideline, and Davis's contention that such enhancement is violative of *Johnson* here.

Eligibility for the armed career criminal guideline is directly linked to ACCA; indeed, the guideline defines "armed career criminal" as "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e)." U.S.S.G. § 4B1.4(a). If Davis is no longer subject to an enhanced sentence under ACCA, then the armed career guideline should no longer apply. The Eleventh Circuit has recently so held in an unpublished decision. *See United States v. Kirk*, 636 Fed.Appx. 548, 551 (11th Cir. Jan. 28, 2016) (vacating sentence and remanding for resentencing because "Kirk is no longer subject to a *statutory* enhanced sentence under § 924(e)(1), and thus § 4B1.4 no longer applies"). Nonetheless, Davis's § 2255 Motion misses the mark. Simply put, the armed career criminal enhancement found at § 4B1.4 did not drive Davis's original guideline calculations. To be sure, the PSR took § 4B1.4 into account in calculating his guideline range. (Doc. 146, ¶¶ 24-25.) But the PSR concluded that the Chapter Two offense level (*i.e.*, the offense level calculated using the base offense level for the § 922(g) violation, plus applicable enhancements for specific offense characteristics pertaining to number of firearms, stolen firearms, and possession of firearms in connection with another felony) governed because it resulted in a higher offense level (34) than the armed career criminal

---

[1] Indeed, Davis posits that "[i]t follows from *Johnson* that the identical residual clause in the armed career offender provision (U.S.S.G. § 4B1.4(a)) is also void for vagueness," and that one of the prior convictions used to apply § 4B1.4(a) was a "residual clause" offense, such that the armed career criminal provision of the Guidelines is no longer satisfied in his case after taking *Johnson* into account. (Doc. 183, at 2.)

guideline would yield (33).[2]  As a practical matter, then, the armed career criminal provision of the Sentencing Guidelines did not factor into the computation of Davis's guideline range, which would have been the same with or without consideration of § 4B1.4.  Because Davis's offense level and guideline range were unchanged by application of § 4B1.4, Davis is ineligible for resentencing under *Johnson* even if, as he argues, U.S.S.G. § 4B1.4 no longer applies to him post-*Johnson* because one of the predicate offenses identified at sentencing is properly disqualified as a "residual clause" offense.

In sum, Davis has filed a § 2255 Motion in which he argues that his sentence must be vacated because the residual clause of the armed career criminal guideline is unconstitutionally void for vagueness, pursuant to *Johnson*, and because he lacks sufficient predicate offenses under the enumerated offenses or elements clauses.  But Davis was not sentenced under the armed career criminal guideline.  Accordingly, even if all discussion of § 4B1.4 were eliminated from the PSR, Davis's calculated guideline range would be unchanged.  Section 4B1.4 of the Sentencing Guidelines neither drove nor even affected his sentence.  For that reason, and given that the § 5K1.1 sentencing departure negated the impact of ACCA's mandatory minimum in this case, Davis's § 2255 Motion (doc. 183) is **denied**.

DONE and ORDERED this 1st day of July, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]  Specifically, the PSR, which again was adopted by this Court at sentencing, stated the following: "Pursuant to U.S.S.G. § 4B1.4(a), a defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.  Therefore, the base offense level would ordinarily be 33, pursuant to U.S.S.G. § 4B1.4(b)(3)(B).  However, since the Chapter Two offense level is the higher of the two, the base offense level is 34." (Doc. 146, ¶ 25.)